Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
DANIEL SANCHEZ HERNANDEZ
*individually and on behalf of others similarly situated,*

                        *Plaintiff,*

                 -against-

BOLU INC. (d/b/a TURKISH KITCHEN), and KEMAL ILGAR PEKER,

                        *Defendants.*
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Daniel Sanchez Hernandez ("Plaintiff Sanchez " or "Mr. Sanchez "), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., alleges upon information and belief, and as against each of defendants Bolu Inc. (d/b/a Turkish Kitchen) ("Defendant Corporation") and Kemal Ilgar Peker (collectively, "Defendants"), as follows:

## NATURE OF ACTION

1. Plaintiff Sanchez is a former employee of Defendants Bolu Inc. (d/b/a Turkish Kitchen) and Kemal Ilgar Peker.

2. Turkish Kitchen is a Turkish Restaurant owned by Kemal Ilgar Peker, located at 386 3rd Avenue New York, NY 10016.

3.     Upon information and belief, Defendant Kemal Ilgar Peker serves or served as owner, manager, principal or agent of Defendant Corporation and through this corporate entity operates the Turkish restaurant.

4.     Plaintiff Sanchez is a former employee of Defendants.

5.     Plaintiff Sanchez was employed as a dishwasher, food preparer, and kitchen helper.

6.     At all times relevant to this Complaint, Plaintiff Sanchez worked for Defendants in excess of 40 hours per week, without receiving the applicable minimum wage or appropriate compensation for the hours over 40 per week that he worked.

7.     Rather, Defendants failed to maintain accurate recordkeeping of his hours worked, failed to pay Plaintiff Sanchez the applicable minimum wage, and failed to pay him appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

8.     Further, Defendants failed to pay Plaintiff Sanchez the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.     Defendants' conduct extended beyond Plaintiff Sanchez to all other similarly situated employees.

10.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Sanchez and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

2

11. Plaintiff Sanchez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

12. Plaintiff Sanchez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Sanchez's state law claims is conferred by 28 U.S.C. § 1367(a).

14. Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Sanchez was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15. Plaintiff Sanchez is an adult individual residing in New York County, New York.

16. Plaintiff Sanchez was employed by Defendants from approximately September 2012 until on or about November 2016.

17. Plaintiff Sanchez consents to being a party pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18. At all times relevant to this complaint, Defendants own, operate, and/or control a Turkish Restaurant located at 386 3rd Avenue New York, NY 10016 under the name "Turkish Kitchen."

19. Upon information and belief, Bolu Inc. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 386 3rd Avenue New York, NY 10016.

20. Defendant Kemal Ilgar Peker is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Kemal Ilgar Peker is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

21. Defendant Kemal Ilgar Peker possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

22. Defendant Kemal Ilgar Peker determined the wages and compensation of the employees of Defendants, including Plaintiff Sanchez, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

23. Defendants operate a Turkish Restaurant located at 386 3rd Avenue New York, NY 10016.

24. Individual Defendant Kemal Ilgar Peker possesses operational control over Defendant Corporation, possesses an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation.

25. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

26. Each Defendant possessed substantial control over Plaintiff Sanchez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Sanchez, and all similarly situated individuals, referred to herein.

27. Defendants jointly employed Plaintiff Sanchez, and all similarly situated individuals, and are Plaintiff Sanchez's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

28. In the alternative, Defendants constitute a single employer of Plaintiff Sanchez and/or similarly situated individuals.

29. Upon information and belief, individual defendant Kemal Ilgar Peker operates Defendant Corporation as either an alter ego of himself, and/or fails to operate Defendant Corporation as a legal entity separate and apart from himself by, among other things:

(a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b) defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c) transferring assets and debts freely as between all Defendants;

(d) operating Defendant Corporation for his own benefit as the sole or majority shareholder;

(e) operating Defendant Corporation for his own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f) intermingling assets and debts of his own with Defendant Corporation;

(g) diminishing and/or transferring assets of Defendant Corporation to protect his own interests; and

(h) other actions evincing a failure to adhere to the corporate form.

30. At all relevant times, Defendants were Plaintiff Sanchez's employers within the meaning of the FLSA and NYLL.

31. Defendants had the power to hire and fire Plaintiff Sanchez, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Sanchez's services.

32. In each year from 2012 to 2016, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33. In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were used in the Turkish restaurant on a daily basis, such as detergents and vegetables, were produced outside of the State of New York.

*Individual Plaintiff*

34. Plaintiff Sanchez is a former employee of Defendants, employed in performing the duties of a dishwasher, food preparer, and kitchen helper.

35. Plaintiff Sanchez seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Daniel Sanchez Hernandez*

36. Plaintiff Sanchez was employed by Defendants from approximately September 2012 until on or about November 2016.

37. At all relevant times, Plaintiff Sanchez was employed by Defendants as a dishwasher, food preparer, and kitchen helper.

38. Plaintiff Sanchez regularly handled goods in interstate commerce, such as detergents and vegetables produced outside of the State of New York.

39. Plaintiff Sanchez's work duties required neither discretion nor independent judgment.

40. Throughout his employment with Defendants, Plaintiff Sanchez regularly worked in excess of 40 hours per week.

41. From approximately September 2012 until on or about June 2014, Plaintiff Sanchez worked from approximately 11:40 a.m. until on or about 1:00 a.m. or 1:15 a.m. three

days a week, and from approximately 2:30 p.m. until on or about 1:00 a.m. or 1:15 a.m. three days a week (typically 72.25 hours per week).

42. From approximately June 2014 until on or about November 2016, Plaintiff Sanchez worked from approximately 11:40 a.m. until on or about 11:00 p.m. or 11:30 p.m. five days a week and from approximately 2:30 p.m. until on or about 12:00 a.m. or 12:15 a.m. one day a week (typically 67.5 hours per week).

43. Throughout his employment with defendants, Plaintiff Sanchez was paid his wages in cash.

44. From approximately September 2012 until on or about June 2014, Defendants paid Plaintiff Sanchez a fixed salary of $475 per week.

45. From approximately June 2014 until on or about January 2015, Defendants paid Plaintiff Sanchez a fixed salary of $600 per week.

46. From approximately January 2015 until on or about November 2016, Defendants paid Plaintiff Sanchez a fixed salary of $750 per week.

47. Plaintiff Sanchez's wages did not vary regardless of how many additional hours he worked in a week.

48. For example, Plaintiff Sanchez regularly started working 20 minutes prior to the start of his shift and would continue working 30 minutes past his scheduled stop time and was not compensated for this additional time.

49. Although Defendants granted Plaintiff Sanchez a 30 minute break, he was often unable to take it.

50. Defendants never provided Plaintiff Sanchez with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

51. Instead, defendants required Plaintiff Sanchez to sign a document, the contents of which he was not allowed to review, in order to get paid.

52. Defendants never provided Plaintiff Sanchez with a written notice, in English and in Spanish (Plaintiff Sanchez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

53. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Sanchez regarding overtime and wages under the FLSA and NYLL.

*Defendants' General Employment Practices*

54. Defendants regularly required Plaintiff Sanchez to work in excess of forty (40) hours per week without paying him the proper minimum wage, overtime compensation and spread of hours pay.

55. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Sanchez (and all similarly situated employees) to work in excess of forty (40) hours per week without paying him appropriate minimum wage, overtime compensation and spread of hours pay, as required by federal and state laws.

56. Plaintiff Sanchez was paid week to week at the same flat rate of pay regardless of the actual hours worked.

57. Defendants' pay practices resulted in Plaintiff Sanchez not receiving payment for all his hours worked, resulting in Plaintiff Sanchez's effective rate of pay falling below the required minimum wage rate.

58. Plaintiff Sanchez was paid his wages entirely in cash.

59. Defendants failed to post required wage and hour posters in the Turkish restaurant, and did not provide Plaintiff Sanchez with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Sanchez's relative lack of sophistication in wage and hour laws.

60. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Sanchez (and similarly situated individuals) worked, and to avoid paying Plaintiff Sanchez properly for (1) full hours worked, (2) minimum wage, (3) overtime wages, and (4) spread of hours pay.

61. Defendants failed to provide Plaintiff Sanchez and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

62. Defendants failed to provide Plaintiff Sanchez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if

10

any, claimed as part of the minimum wage, Including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

63. By employing these practices, Defendants avoided paying Plaintiff Sanchez the minimum wage for his regular hours and overtime compensation of time and a half for all of his hours worked in excess of forty (40) hours per week.

## FLSA COLLECTIVE ACTION CLAIMS

64. Plaintiff Sanchez brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

65. At all relevant times, Plaintiff Sanchez and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay of one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

66. The claims of Plaintiff Sanchez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

67. Plaintiff Sanchez repeats and realleges all paragraphs above as though fully set forth herein.

68. At all times relevant to this action, Defendants were Plaintiff Sanchez's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Sanchez (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

69. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

70. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

71. Defendants failed to pay Plaintiff Sanchez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

72. Defendants' failure to pay Plaintiff Sanchez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

73. Plaintiff Sanchez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE FLSA OVERTIME PROVISIONS

74. Plaintiff Sanchez repeats and realleges all paragraphs above as though fully set forth herein.

75. At all times relevant to this action, Defendants were Plaintiff Sanchez's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Sanchez (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

76. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

77. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

78. Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Sanchez  (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

79. Defendants' failure to pay Plaintiff Sanchez (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

80. Plaintiff Sanchez (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

**VIOLATION OF THE NEW YORK MINIMUM WAGE RATE**

81. Plaintiff Sanchez repeats and realleges all paragraphs above as though fully set forth herein.

82. At all times relevant to this action, Defendants were Plaintiff Sanchez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Sanchez (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

83. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Sanchez  (and the FLSA Class members) less than the minimum wage.

84. Defendants' failure to pay Plaintiff Sanchez (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

85. Plaintiff Sanchez (and the FLSA Class Members) were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF THE NEW YORK STATE**
**LABOR LAW'S OVERTIME PROVISIONS**

86. Plaintiff Sanchez repeats and realleges all paragraphs above as though fully set forth herein.

87. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Sanchez  (and the

FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

88. Defendants' failure to pay Plaintiff Sanchez (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

89. Plaintiff Sanchez (and the FLSA Class Members) were damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
### OF THE NEW YORK COMMISSIONER OF LABOR

90. Plaintiff Sanchez repeats and realleges all paragraphs above as though fully set forth herein.

91. Defendants failed to pay Plaintiff Sanchez (and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Sanchez spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*., and 650 *et seq*., and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6.

92. Defendants' failure to pay Plaintiff Sanchez (and the FLSA Class members) an additional hour's pay for each day Plaintiff Sanchez's (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

93. Plaintiff Sanchez (and the FLSA Class members) were damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION
### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

94. Plaintiff Sanchez repeats and realleges all paragraphs above as though fully set forth herein.

95. Defendants failed to provide Plaintiff Sanchez with a written notice, in English and in Spanish (Plaintiff Sanchez's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

96. Defendants are liable to Plaintiff Sanchez in the amount of $5,000, together with costs and attorneys' fees.

### SEVENTH CAUSE OF ACTION
### VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

97. Plaintiff Sanchez repeats and realleges all paragraphs above as though set forth fully herein.

98. Defendants did not provide Plaintiff Sanchez with a statement of wages with each payment of wages, as required by NYLL 195(3).

99. Defendants are liable to Plaintiff Sanchez in the amount of $5,000, together with costs and attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sanchez respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Sanchez and the FLSA class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Sanchez and the FLSA class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Sanchez's, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Sanchez and the FLSA class members;

(f)     Awarding Plaintiff Sanchez and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)     Awarding Plaintiff Sanchez and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Sanchez and the members of the FLSA Class;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Sanchez and the members of the FLSA Class;

(j) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Sanchez and the members of the FLSA Class;

(k) Declaring that Defendants violated the notice, recordkeeping, and wage statement requirements of the NYLL with respect to Plaintiff Sanchez's , and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(l) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Sanchez's , and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(m) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Sanchez and the FLSA Class members;

(n) Awarding Plaintiff Sanchez and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(o) Awarding Plaintiff Sanchez damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p) Awarding Plaintiff Sanchez and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(q)     Awarding Plaintiff Sanchez and the FLSA class members pre-judgment and post-judgment interest as applicable;

(r)     Awarding Plaintiff Sanchez and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Sanchez demands a trial by jury on all issues triable by a jury.


Dated: New York, New York
       February 16, 2017

                                        MICHAEL FAILLACE & ASSOCIATES, P.C.

                                             /s/ Michael Faillace_____
                                        By:    Michael A. Faillace [MF-8436]
                                                60 East 42nd Street, Suite 2540
                                                New York, New York 10165
                                                (212) 317-1200
                                                *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 15, 2017

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:   Daniel Sanchez Hernandez

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:   [signature]

Date / Fecha:   15 de febrero de 2017

Certified as a minority-owned business in the State of New York