**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

DANIEL SANCHEZ HERNANDEZ, *individually and on behalf of others similarly situated,*

*Plaintiff,*

-against-

BOLU INC. (d/b/a TURKISH KITCHEN), and
KEMAL ILGAR PEKER,

*Defendants.*

---

17-cv-1202

**SETTLEMENT AGREEMENT**
**AND**
**RELEASE OF CLAIMS**

---

This Settlement Agreement and General Release of Claims ("Agreement") is entered into by and among Plaintiff Daniel Sanchez Hernandez ("Plaintiff") on the one hand, and Bolu Inc. (d/b/a Turkish Kitchen) (the "Defendant Corporation"), and Kemal Ilgar Peker (the "Individual Defendant," and together with the Defendant Corporation "Defendants"), on the other hand.

WHEREAS, Plaintiff alleges that he worked for Defendants as employees; and

WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in Plaintiff's filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 17-cv-1202 (hereinafter the "Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. Payment: Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims identified in paragraph 5 of this Agreement Plaintiff may have against Defendants through the Effective Date of this Agreement (each such claim a "Released Claim"), including all counsel fees and costs incurred by Plaintiff, the gross sum of Ninety-Seven Thousand Dollars and Zero Cents ($97,000) (the "Negotiated Settlement Amount") to be paid to Plaintiff's attorneys as follows:

1

i.      A check in the amount of Forty-Eighty Thousand Dollars ($48,000) made payable to "Michael A. Faillace, Esq. & Associates, P.C. as Attorneys for Plaintiff," for immediate deposit within seven (7) days of court approval of the Agreement. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel. Plaintiff upon receipt of the initial settlement check shall provide a copy of the firm's W-9. Defendants shall issue a form 1099 to Michael A. Faillace, Esq. & Associates, P.C. for all amounts paid under this agreement.

ii.     A check in the amount of Seven Thousand Dollars ($7,000.00) made payable to "Michael A. Faillace, Esq. & Associates, P.C., as Attorneys for Plaintiff," for immediate deposit within thirty-seven (37) days of court approval of the Agreement. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

iii.    A check in the amount of Seven Thousand Dollars ($7,000.00) made payable to "Michael A. Faillace, Esq. & Associates, P.C., as Attorneys for Plaintiff," for immediate deposit within sixty-seven (67) days of court approval of the Agreement. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

iv.     A check in the amount of Seven Thousand Dollars ($7,000.00) made payable to "Michael A. Faillace, Esq. & Associates, P.C., as Attorneys for Plaintiff," for immediate deposit within ninety-seven (97) days of court approval of the Agreement. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

v.      A check in the amount of Seven Thousand Dollars ($7,000.00) made payable to "Michael A. Faillace, Esq. & Associates, P.C., as Attorneys for Plaintiff," for immediate deposit within one-hundred and twenty seven (127) days of court approval of the Agreement. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

vi.     A check in the amount of Seven Thousand Dollars ($7,000.00) made payable to "Michael A. Faillace, Esq. & Associates, P.C., as Attorneys for Plaintiff," for immediate deposit within one-hundred and fifty seven (157) days of court approval of the Agreement. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

vii.    A check in the amount of Seven Thousand Dollars ($7,000.00) made payable to "Michael A. Faillace, Esq. & Associates, P.C., as Attorneys for Plaintiff," for immediate deposit within one-hundred and eighty seven (187) days of court approval of the Agreement. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

viii.   A check in the amount of Seven Thousand Dollars ($7,000.00) made payable to "Michael A. Faillace, Esq. & Associates, P.C., as Attorneys for Plaintiff," for immediate deposit within two-hundred and seventeen (217) days of court approval of the Agreement. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

The payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq. and Associates, P.C., at 60 East 42nd Street, Suite 4510, New York, NY 10165.

2.     The Court shall dismiss this Litigation with prejudice.

3.     (a)     In the event that the Settlement Amount is not paid by the payment date set forth above, or any check fails to clear (i.e., bounces) on its respective payment date, Plaintiff's counsel shall serve a written notice ("Default Notice") upon counsel for Defendants, by email and certified mail, and the Defendants shall have ten (10) business days from the date of receipt of the Default Notice to cure the default by making such payment. Upon Defendants' failure to cure a default within ten (10) business days of delivery of the Default Notice, counsel for Plaintiff may immediately file the Affidavits of Confession of Judgment annexed hereto as **Exhibit A.**

(b) Plaintiff and Plaintiff's counsel shall be solely responsible for any taxes resulting from the payments received under this Settlement Agreement that are not subject to withholding by the Defendants. Plaintiff shall indemnify and hold each of the Defendants harmless to the fullest extent permitted by law, including the payment of any damages, penalties, interest, attorneys' fees and/or judgments that may be incurred by Defendants resulting from payments under this Agreement.

4.     Failure to Pay: Defendants shall execute Confessions of Judgment in the form of **Exhibit A** attached hereto entitling Plaintiff to recover from Defendants jointly and severally: (i) all outstanding unpaid amount(s) arising under this Agreement; (ii) interest at the rate of 9% per annum under the New York Civil Practice Law and Rules accruing from the date in which their obligations to make the payments is breached; Defendants shall deliver to Michael A. Faillace, Esq. and Associates, P.C. the executed and notarized original Confessions of Judgment contemporaneously with Defendants' execution of this Agreement. Upon full payment of the Settlement Sum, Plaintiff's counsel shall destroy or return the original copy of the consent judgment to Defendants' counsel and shall not retain any copies thereof.

5.     Releases

(a)     **Release by Plaintiff.** Plaintiff hereby irrevocably and unconditionally releases from and forever discharges and covenants not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiff at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

5.     No Admission of Wrongdoing:   This Agreement and compliance with this

3

Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.  Plaintiff expressly acknowledges that Defendants have denied and continue to deny any wrongdoing arising out of Plaintiff's employment.

6.    Modification of the Agreement:  This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

7.    Acknowledgment:    Plaintiff acknowledges that he has been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement. Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

8.    Notices:      Notices required under this Agreement shall be in writing and shall be deemed given on the third business day following first-class mailing and electronic transmission thereof.  Notice hereunder shall be delivered to:


To Plaintiff:

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com


To Defendants:

Gail Weiner, Esq.
Lebow & Sokolow LLP
770 Lexington Avenue, 6th Floor
New York, NY 10065
Tel:    (212) 935-6000
Email:  gail@lebow.net

9.    Governing Law:  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

10.    Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

11.    Release Notification: Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with his legal counsel and Plaintiff acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys. Plaintiff confirms that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

12.    Accord and Satisfaction: Should any action or proceeding be instituted by any of the Plaintiff with respect to matters herein settled, released or waived pursuant to this Agreement, other than an action or proceeding to enforce the terms of this Agreement, this Agreement shall be deemed a full accord, satisfaction and settlement of any such claim(s) and sufficient basis for immediate dismissal.

13.    No Assignment: Plaintiff represents and warrants that he has not assigned, transferred, or purported to assign or transfer, to any person or entity, any Released Claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action and no lien exists therein.

14.    Entire Agreement: This Agreement and all attachments constitute the entire Agreement between the Parties. All prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into and superseded by this Agreement. There are no representations, warranties, understandings, or agreements other than those expressly set forth in this Agreement.

15.    Waiver: Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any time or all times.

16.    Modification: This Agreement and Release may not be modified, altered or otherwise changed except by a written agreement signed and notarized by the affected by the modification, alteration, or change.

17.    Binding Effect: This Agreement shall be binding upon and inure to the benefit of the Parties, and the Parties' heirs, trustees, executors, administrators, successors, and assigns of the respective Parties.

18. <u>Construction</u>: The terms and conditions of this Agreement have been negotiated by mutual agreement of the Parties. Therefore, the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

20. <u>Attorneys' Fees and Costs</u>: Except as specifically provided elsewhere in this Agreement, each Party shall be solely responsible for its or their own attorneys' fees and costs in connection with the Litigation. However, the prevailing Party shall be entitled to recover all reasonable attorneys' fees and costs incurred in the prosecution of any action to enforce the terms of this Agreement.

21. <u>Fair and Reasonable Settlement</u>: The Parties agree that this Agreement and the payments called for by this Agreement are fair and reasonable to all Parties, and that those payments and the other terms of this Agreement constitute a fair and reasonable settlement of the claims made in the Litigation. The Parties also agree that there was no undue influence, duress, overreaching, collusion, or intimidation in reaching this Agreement, and that both Parties have sought and received the advice of competent counsel as to the meaning and effect of each of the terms of this Agreement before agreeing to sign it.

22. <u>Mutual Non-Disparagement</u>: The Parties hereto agree to refrain from disparaging each other, including without limitation, making any statement, oral or written, which portrays either Plaintiff or Defendants in an unfavorable light.

23. <u>Confidentiality</u>: Except as otherwise provided in Paragraph 4 of this Agreement, Plaintiff and his attorneys shall keep the existence and terms of this Agreement strictly confidential and shall not disclose any information contained in this Agreement to anyone. Notwithstanding the foregoing, Plaintiff may disclose such information to his significant other, lawyer, financial advisor, tax advisor, and/or as required by law in connection with a legal proceeding and/or governmental investigation. If Plaintiff tells his significant other, lawyers, and/or tax or financial advisors about this Agreement or its contents, he must instruct the person to whom the disclosure is made that the information must be kept strictly confidential.

Notwithstanding the above, this Paragraph shall not be violated by Plaintiff responding to a direct inquiry with the statement that "the matter has been resolved." Similarly, nothing in this Agreement shall prohibit or restrict Plaintiff from responding to any inquiry, or providing testimony, about this Agreement or its underlying facts and circumstances by or before any federal or state administrative or regulatory agency or authority pursuant to legal process, court order, subpoena or other law, rule or regulation. Likewise, nothing in this Agreement is intended to or shall prevent Plaintiff from engaging in protected whistleblowing rights.

24. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

Plaintiff

By: _____
    DANIEL SANCHEZ HERNANDEZ

Defendants:

BOLU INC. (d/b/a TURKISH KITCHEN)

By: _____

Print Name:_____

Title_____


_____
    KEMAL ILGAR PEKER

Plaintiff

By: _____
DANIEL SANCHEZ HERNANDEZ

Defendants:

BOLU INC. (d/b/a TURKISH KITCHEN)

By: _____

Print Name:_____

Title_____

KEMAL ILGAR PEKER

7

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
-----------------------------------------------------------------X

DANIEL SANCHEZ HERNANDEZ, *individually*
*and on behalf of others similarly situated,*

        *Plaintiff,*

        -against-

BOLU INC. (d/b/a TURKISH KITCHEN), and
KEMAL ILGAR PEKER,

        *Defendants.*

-----------------------------------------------------------------X

        AFFIDAVIT OF
        CONFESSION
        OF JUDGMENT

STATE OF NEW YORK    )
                  ) ss.
COUNTY OF _____  )

Kemal Ilgar Peker, being duly sworn, deposes and says:

1.  I reside in New York, New York

2.  This affidavit of confession of judgment is for debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants Bolu Inc. (d/b/a Turkish Kitchen), and Kemal Ilgar Peker (collectively, "Defendants") are to submit a total sum of Ninety-Seven Thousand Dollars and Zero Cents ($97,000.00) to Plaintiff.

3.  Pursuant to the terms of the Settlement Agreement and Release by and between Daniel Sanchez Hernandez ("Plaintiff") and Bolu Inc. (d/b/a Turkish Kitchen) and Kemal Ilgar Peker (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against me individually and in favor of Plaintiff for 100% the remaining sum due under the Settlement Agreement.

4.  This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

5.  I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment in the Supreme Court of the State of New York, New York County, as a

judgment for $97,000 (less any amounts already paid to Plaintiff pursuant to the above schedule) against me, Kemal Ilgar Peker.

_____
Kemal Ilgar Peker

13th day of DECEMBER of 2018

_____
Notary Public

MARK D. LEBOW
Notary Public, State of New York
No. 02LE4508899
Qualified in New York County
Commission Expires 01/31/2022

**SUPREME COURT OF THE STATE OF NEW YORK**
**NEW YORK COUNTY**
-----------------------------------------------------------------X

DANIEL SANCHEZ HERNANDEZ, *individually*
*and on behalf of others similarly situated,*

         *Plaintiff,*

       -against-

BOLU INC. (d/b/a TURKISH KITCHEN), and
KEMAL ILGAR PEKER,

        *Defendants.*
-----------------------------------------------------------------X

**AFFIDAVIT OF**
**CONFESSION**
**OF JUDGMENT**

STATE OF NEW YORK    )
                ) ss.
COUNTY OF _____  )

_____, being duly sworn, deposes and says:

1. I reside in _____, New York

2. I am an owner of Bolu Inc. (d/b/a Turkish Kitchen). I am duly authorized to make this affidavit of confession of judgment on behalf of Bolu Inc.

3. Bolu Inc. maintains its principal place of business at 386 Third Avenue, New York, New York 10016.

4. This affidavit of confession of judgment is for debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants Bolu Inc. (d/b/a Turkish Kitchen) and Kemal Ilgar Peker are to submit a total sum of Ninety-Seven Thousand Dollars and Zero Cents ($97,000.00) to Plaintiff.

5. Pursuant to the terms of the Settlement Agreement and Release by and between Daniel Sanchez Hernandez ("Plaintiff") and Bolu Inc. (d/b/a Turkish Kitchen) and Kemal Ilgar Peker (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against Bolu Inc. and in favor of Plaintiff for 100% the remaining sum due under the Settlement Agreement.

6. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

10

7. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment in the Supreme Court of the State of New York, New York County, as a judgment for $97,000 (less any amounts already paid to Plaintiff pursuant to the above schedule), against Bolu Inc.

Bolu Inc.

By: _____, President

13th day of DECEMBER of 2018
_____
Notary Public

MARK D. LEBOW
Notary Public, State of New York
No. 02LE4505899
Qualified in New York County
Commission Expires 01/01/2020