```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
DANIEL SANCHEZ HERNANDEZ,                                   :
                                                            :
                              Plaintiff,                    :    17-CV-1202 (OTW)
                                                            :
               -against-                                    :    OPINION & ORDER
                                                            :
BOLU INC., et al.,                                          :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------x
```

**ONA T. WANG, United States Magistrate Judge:**

Plaintiff Daniel Sanchez Hernandez brings this action in accordance with the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), for allegedly unpaid overtime premium pay and alleged violations of the applicable minimum wage laws. After an unsuccessful settlement conference before the Honorable Andrew J. Peck, the parties continued to discuss settlement and, at a Court-ordered mediation on September 12, 2018, the parties reached an agreement. The parties then submitted their settlement agreement to this Court for approval under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). (*See* ECF 32). All parties have consented to my exercising plenary jurisdiction in accordance with 28 U.S.C. § 636(c). (ECF 31). For the reasons set forth below, the Court approves the agreement as fair and reasonable.

I. **Background**

Plaintiff alleges that he worked as a dishwasher, food preparer, and kitchen helper in Defendants' restaurant between September 2012 and June 2014. Plaintiff alleges that from approximately June 2014 until November 2016, he typically worked 67.5 hours per week. He

further alleges that: (1) from September 2012 to June 2014, Defendants paid him a fixed salary of $475 per week; (2) from June 2014 to January 2015, Defendants paid him a fixed salary of $600 per week; and (3) from January 2015 to November 2016, Defendants paid him a fixed salary of $750 per week.

Defendants deny Plaintiff's allegations. They assert that they would call witnesses and present objective, documentary evidence at trial that would show that Plaintiff did not work the amount of overtime hours he claims he worked and that Plaintiff was not paid a fixed salary.

Plaintiff alleges that he is owed $144,682.50 for his FLSA claims, unpaid wages, and overtime premiums. The parties have agreed to resolve the matter for $97,000, inclusive of attorneys' fees and costs, as set forth in the settlement agreement. Plaintiff would receive $64,666.67 in full satisfaction of his claims. Plaintiff's counsel would receive $32,333.33 in costs and fees, representing one-third of the settlement amount, in accordance with Plaintiff's professional services-contingency fee agreement with their counsel.

The parties reached their proposed settlement during a mediation session held on September 12, 2018, which was attended by the parties and their counsel. The parties then submitted a joint letter seeking approval of their settlement agreement, explaining in detail the parties' positions, with a description of the method used to calculate the settlement amounts and an explanation of the hours Plaintiff worked and the wage at which he worked them. (ECF 32).

II. **Discussion**

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal court, but subjects that grant of permission to the limitations imposed by "any applicable federal statute." The United States Court of Appeals for the Second Circuit has held that, "in light of the unique policy considerations underlying the FLSA," this statute falls within that exception, and that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. This Court will approve such a settlement if it finds it to be fair and reasonable, employing the five non-exhaustive factors enumerated in *Wolinsky v. Scholastic Inc.*:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted). In this case, each of those factors favor approval of the settlement.

   a. **Range of Recovery**

First, the settlement awards Plaintiff with approximately 45% of his asserted unpaid wages calculation. Given the risks of litigation, as discussed in more detail below, the settlement amount is reasonable.

   b. **Burden and Expense of Trial**

Second, the settlement enables the parties to avoid the burden and expense of presenting their credibility-dependent case to a factfinder and being subject to cross-examination at trial. The parties dispute the number of hours worked by Plaintiff, dispute the salary Plaintiff received, and dispute Plaintiff's computation of damages. Because the parties

3

dispute the validity of the records of Plaintiff's hours, the parties would have to rely on their own recollections and the recollections of others to prove how many hours Plaintiff worked. *See Yunda v. SAFI-G, Inc.*, 15-CV-8861, 2017 WL 1608898, at *3 (S.D.N.Y. Apr. 28, 2017).

### c. Litigation Risk

Third, the settlement will enable Plaintiff to avoid the risks of litigation. Plaintiff faces the risk that a factfinder may credit Defendants' witnesses' testimony that Plaintiff did not work as many hours as he claims. Thus, whether and how much he would recover at trial is uncertain. *See McMahon v. Olivier Cheng Catering and Events, LLC*, 08-CV-8713, 2010 WL 2399328, at *5 (S.D.N.Y. Mar. 3, 2010).

### d. Arm's-Length Negotiation

Fourth, this settlement was reached after participation in a settlement conference before Judge Peck and a Court-ordered mediation, before an appointed mediator, and therefore, the settlement is the product of arm's-length bargaining between experienced counsel. *See Medina v. Almar Sales Co., Inc.*, 16-CV-4107, 2017 WL 3447990, at *2 (S.D.N.Y. Aug. 10, 2017).

### e. Risk of Fraud or Collusion

Fifth, there is nothing in this record to suggest that the settlement was the product of fraud or collusion. The fact that it was reached after a Court-ordered mediation reinforces the settlement's legitimacy. *See Gonzales v. 27 W.H. Bake, LLC*, 15-CV-4161, 2018 WL 1918623, at

*3 (S.D.N.Y. Apr. 20, 2018); *Khait v. Whirlpool Corp.*, 06-CV-6381, 2009 WL 6490085, at *1 (E.D.N.Y. Oct. 1, 2009).

Additional features of the settlement favor approval. The release is limited to claims based on Plaintiff's employment up to the date the agreement was signed, and is not overbroad. *See Caprile v. Harabel Inc.*, 14-CV-6386, 2015 WL 5581568, at *2 (S.D.N.Y. Sept. 16, 2015). The attorneys' fee award of one-third of the settlement sum is reasonable and in keeping with typical FLSA settlements in this district. *See Rodriguez-Hernandez v. K Bread & Co.*, 15-CV-6848, 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) ("In this Circuit, courts typically approve attorneys' fees that range between 30 and 33 1/3 %.")

Finally, this agreement also lacks certain objectionable provisions that have doomed other proposed FLSA settlements. For instance, it contains no confidentiality provision, which would contravene the purposes of the FLSA—indeed, the document has already been publicly filed, and it does not include a restrictive non-disparagement provision. *See Martinez v. Gulluoglu LLC*, 15-CV-2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016); *Lazaro-Garcia v. Sengupta Food Servs.*, 15-CV-4259, 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015).

III. **Conclusion**

For the foregoing reasons, the Court approves the parties' proposed settlement agreement as fair and reasonable.

**IT IS HEREBY ORDERED THAT** this action is dismissed with prejudice and without costs provided, however, that the Court retains jurisdiction pursuant to the terms of the settlement agreement. Any pending motions are to be terminated as moot and all conferences are cancelled.

**SO ORDERED.**

Dated: January 23, 2019
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge